**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CRIMINAL NO. ELH-19-0286 |
| DEMETRIO McCULLOUGH | * | |

**MEMORANDUM AND ORDER**

Currently pending are Defendant's Motion to Reconsider Pretrial Detention (ECF No. 416) ("Motion") and Government's Opposition to Motion to Reconsider Pretrial Detention (ECF No. 417) ("Opposition"). For the reasons stated below, the Motion (ECF No. 416) is denied.

A detention hearing was held in this case on September 18, 2019. After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing. I issued an Order of Detention summarizing those reasons (ECF No. 305). Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release, particularly in light of the fact that he suffers from asthma. Defendant argues that the COVID-19 risk is more pronounced at Correctional Treatment Facility, Washington, D.C. ("CTF") where he is being detained, as there are confirmed cases of COVID-19. (ECF No. 416 at 2). Although the court agrees that the COVID-19 pandemic is a changed circumstance warranting reconsideration of defendant's

detention, the court does not conclude that this information warrants a reopening of the detention hearing in this case.

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). "Virtually every sector of public life has been affected, . . . [and] [e]xperts tell us that the rate of infections has yet to peak in the United States." See United States v. Williams, Crim. No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020). Further, as defendant notes, there are now confirmed cases of COVID-19 at CTF. Notwithstanding these circumstances, however, the decision whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). In that regard, I have reviewed the bases for my detention order, and I have reweighed the factors under the Bail Reform Act in light of the current public health emergency and defendant's health condition. The record in this case regarding the offenses charged and the defendant's background compel me to conclude that conditions of release cannot be fashioned to address community safety, notwithstanding the potential risk of exposure to the virus that the defendant faces while detained.

The court fully analyzed the § 3142 (g) factors at defendant's detention hearing. As noted in the court's detention order, and detailed on the record at the hearing both by the government and the court, an analysis of these factors overwhelmingly supported a finding that detention was appropriate. The nature of the charges are serious -- the defendant is charged along with 24 other defendants in a wiretap drug conspiracy involving the distribution of substantial amounts of narcotics to include heroin, fentanyl, and crack cocaine. The defendant was identified during the course of the investigation as having a significant role as a middleman

who coordinated drug deals and was actively involved in the conspiracy. The weight of the evidence is overwhelming and is supported by wiretap evidence, physical surveillance, and search warrants conducted at multiple locations. Notably, a search warrant executed at an address alleged to be the defendant's residence yielded heroin, cocaine and cocaine base, and ammunition. The history and characteristics of the defendant also supported the detention order. The defendant has a significant criminal record to include multiple convictions for Possession with Intent to Distribute Narcotics and a firearm conviction. The defendant has a history of non-compliance with community supervision to include VOPs and a history of continued criminal activity while under community supervision. Further, the defendant has a history of protective orders and an outstanding arrest warrant for assault. (ECF Nos. 305, 417 at 5-7).

Defendant had not offered any material basis upon which to reconsider the order of detention. While the court is concerned for the defendant, and for all others both inside and outside of the detention facility, these concerns do not constitute a basis upon which to release an individual who this Court has determined poses a threat to the safety of the community. As to procedures in place at CTF, the government has proffered that the correctional and medical staff within the Department of Corrections ("DOC") are implementing comprehensive precautionary and monitoring practices to protect detainees from exposure to the COVID-19 . (ECF No. 417 at 8-10). The defendant's motion does not challenge these procedures or allege that these practices are insufficient to address the needs of detainees. Moreover, defendant's alleged asthmatic condition does not change the court's analysis. As noted in the government's Opposition, this Court has recently denied motions for release where detainees have claimed that they had medical conditions, including asthma, that made them uniquely vulnerable to COVID-19. (ECF

3

No. 417 at 12-13) (citing authority).  Defendant has not made any specific argument, let alone factual proffer, as to why his medical needs will not be met while he is detained.

     In conclusion, defendant has not presented any new information that has a material bearing on the issue of detention that would warrant the reopening of the detention hearing or that would cause me to reconsider my Order of Detention in accordance with 18 U.S.C. § 3142(f).

     Accordingly, Defendant's Motion (ECF No. 416) is denied.


Date:__4/9/20_____      _____/s/_____
                                                          Beth P. Gesner
                                                          Chief United States Magistrate Judge